RICHARD LEE BARKSDALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barksdale v. Commissioner
Docket No. 3358-73.
United States Tax Court
T.C. Memo 1975-159; 1975 Tax Ct. Memo LEXIS 217; 34 T.C.M. (CCH) 726; T.C.M. (RIA) 750159; May 22, 1975, Filed Robert S. McCain, for the petitioner. Robert Ruwe, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a Motion for Judgment in this case in which he determined the following deficiencies in petitioner's Federal income tax and additions to tax under section 6653(b) [1]/: Addition to Tax Year
Deficiency
(Sec. 6653(b))
1969
$ 70,599.08
$ 35,299.54
1970
147,109.02
73,554.51
1971
140,795.92
70,397.96
$358,504.02
$179,252.01
In the notice of deficiency, respondent determined that petitioner had net profits in the amounts of $113,316.73, $226,633.46, and $226,633.46 during 1969, *218 1970, and 1971, respectively, from sales of drugs. The petition denies any such sales or profits therefrom. The answer alleges, among other things, that petitioner was indicted in United States of America v. Richard Lee Barksdale, No. , Northern District of Indiana, on charges of income tax evasion for 1969, 1970, and 1971 in violation of section 7201 and entered a plea of not guilty to the charges. After a trial on the merits, it is alleged, petitioner was found guilty, and a judgment of conviction was entered. Respondent further alleges that the judgment of conviction collaterally estops petitioner from denying that at least a part of the determined deficiencies was due to fraud. The case was called from the May 5, 1975, trial calendar at Indianapolis, Indiana, and there was no appearance by or on behalf of petitioner. To respondent's Motion for Judgment was attached a copy of the notice of deficiency, the indictment, and the judgment and commitment in the criminal proceeding, mentioned above. These papers show that petitioner was convicted of attempted income tax evasion under section 7201 for 1969, 1970, and 1971 and was sentenced to prison for *219 5 years and fined $10,000 on each of the 3 counts. The sentences are to run consecutively. Also attached to the motion was a copy of a letter from petitioner's counsel, addressed to this Court, stating in part: This letter is to advise you that, regarding the case involving Richard Lee Barksdale, we do not propose to offer any evidence in support of Mr. Barksdale's petition. It is our position that he will not testify in any event. I have no other evidence to offer. He is presently a guest of the United States of America and resides at an establishment in Terre Haute, Indiana. Inasmuch as we have no evidence to offer in the trial and the burden of proof is on Petitioner, I do not intend to appear at the calendar call on May 5, 1975, in Indianapolis, Indiana. Respondent is entitled to have his motion granted. The burden of proving that respondent erred in determining the disputed deficiencies rests with petitioner, , and he has offered no evidence to carry that burden. While the burden of proof that a part of the deficiency for each of the years in controversy was due to fraud under section 6653(b) rests with respondent, *220 he is correct in his position that the judgment of conviction collaterally estops petitioner and that, as to petitioner, at least part of any underpayment for the prosecution years must be deemed to have been already judicially determined to be due to fraud. Since the same basic issue has already received full judicial review in a case involving the same parties, a second court may not reconsider the matter. , cert. denied ; , cert. denied ; C.B.C. Super Markets,; , affd. . Accordingly, an appropriate order will be entered granting respondent's motion, and Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.